89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David R. NUGENT, Defendant-Appellant.
 No. 95-3481.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1996.
 
 Before: JONES, NELSON, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 After receiving two pistols from an undercover officer in trade for some used computer equipment, the defendant, David Nugent, pleaded guilty to being a felon in possession of a firearm. Mr. Nugent has appealed his conviction and his sentence.
 
 
 2
 As to the conviction, Mr. Nugent contends that he did not have effective assistance of counsel when he entered his plea. In this circuit, however, a claim of ineffective assistance of counsel may not normally be raised for the first time on direct appeal. The reason for this rule is that "there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations," so the claim should be raised instead in a post-conviction proceeding under 28 U.S.C. § 2255. United States v. Wunder, 919 F.2d 34, 37 (1990).
 
 
 3
 We have, on occasion, made an exception where "the record is adequate to assess the merits of the defendant's allegations." Id. The record in this case--which, because of the defendant's guilty plea, does not include a trial transcript--is not adequate to allow us to review the ineffective assistance claim.
 
 
 4
 As to the sentence, Mr. Nugent contends that the district court should have departed downward from the range prescribed by the sentencing guidelines. He bases this argument on diminished mental capacity and "evidence of governmental conduct akin to entrapment." A discretionary refusal to impose a sentence below the guideline range is not reviewable, however, unless the district court was unaware of its authority to depart downward, incorrectly applied the sentencing guidelines, or otherwise committed legal error. United States v. Griffith, 17 F.3d 865, 882 (6th Cir.), cert. denied, 115 S.Ct. 149 (1994). There is nothing in the record indicating to us that the district court was unaware of its authority to depart downward. Nor do we find any other error in law or in the application of the sentencing guidelines.
 
 
 5
 AFFIRMED.